UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARYL CLARKE,<br><br>  Plaintiff,<br><br>  v.<br><br>BUDGET SUITES OF AMERICA LLC,<br><br>  Defendants. | Case No. 2:24-cv-00422-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff Karyl Clarke's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. The IFP application is complete and is granted below.

**I.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court has a duty to ensure that it has subject matter jurisdiction over a dispute on which it is asked to act. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Plaintiff's Complaint presents issues of state law only. ECF No. 1-1.

Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

**II.    Plaintiff's Complaint**

Plaintiff's Complaint includes causes of action for assault, battery, false arrest and imprisonment, and excessive use of force against Budget Suites of America LLC N and three

security personnel performing duties for Budget Suites. ECF No. 1-1 at 1-2. All events are alleged to have occurred at 2219 N. Rancho Drive, Las Vegas, Nevada. Plaintiff does not allege the state residency of any defendant. *Id.*, *generally*. Thus, Plaintiff fails to include the necessary information to establish diversity jurisdiction. *Smith v. McCullough*, 270 U.S. 456, 459 (1926) ("a plaintiff ... must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction"); *Carolina Casualty Insurance Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014) (establishing leave to amend to cure a defect in pleading diversity jurisdiction, which may initially be alleged on information and belief).

Plaintiff also fails to plead federal question jurisdiction. Plaintiff titles her final cause of action as a "Violation of 42 U.S.C. § 1983." However, § 1983 "is not itself a source of substantive rights," but instead provides "a method for vindicating federal rights elsewhere conferred," which is the first step to identifying a specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations omitted). To bring a claim alleging a violation of constitutional rights, through rights granted by § 1983, a plaintiff must allege two essential elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Individuals engaged in conduct on behalf of a private (non-governmental) actor may be treated as state action "if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). "The United States Supreme Court has articulated four different factors or tests to determine state action." *Gorenc v. Salt River Project Agr. Imp. & Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). These are the nexus test, the joint action test, the public function doctrine, and the state compulsion test. *Gorenc*, 869 F.2d at 506-09.

"It is well established that § 1983 provides a remedy for one who has been the victim of an assault and battery at the hands of a person acting under color of state law." *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) *citing Cohen v. Norris*, 300 F.2d 24, 34 (9th Cir. 1962), *Lucarell v.*

*McNair*, 453 F.2d 836 (6th Cir. 1972), and *Jenkins v. Averett*, 424 F.2d 1228, 1232 (4th Cir. 1970). "The right violated by an assault has been described as the right to be secure in one's person, and is grounded in the due process clause of the Fourteenth Amendment." *Id. citing, inter alia*, *Curtis v. Everette*, 489 F.2d 516 (3d Cir. 1973). Claims against law enforcement officers for excessive force, false arrest, and false imprisonment are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *Loharsingh v. City and County of San Francisco*, 696 F.Supp.2d 1080, 1107 (N.D. Cal. 2010).

Unlike the "state actor" standard of the Fourteenth Amendment, "the [F]ourth [A]mendment cannot be triggered simply because a person is acting on behalf of the government." *United States v. Attson*, 900 F.2d 1427, 1429, 1434 (9th Cir. 1990). "[T]he fourth amendment will only apply to governmental conduct that can reasonably be characterized as a 'search' or a 'seizure.'" *Id.* at 1429; *Perez v. Moore*, Case No. 18-cv-04856, 2020 WL 1865357, at *4 (N.D. Cal. April 14, 2020). Thus, for the conduct of a non-law enforcement governmental party, such as the Defendants named by Plaintiff, to be subject to the Fourth Amendment, Plaintiff must show they acted "with the intent to assist the government in its investigatory or administrative purposes, and not for an independent purpose." *Id.* at 1433. If Plaintiff shows that Defendants' conduct is subject to the Fourth Amendment, then Defendants may be said to have violated Plaintiff's Fourth Amendment rights if, under the circumstances apparent at the time, Defendants unreasonably caused the restriction of Plaintiff's liberty. *Wallace by Wallace v. Batavia School Dist.*, 68 F.3d 1010, 1014 (7th Cir. 1995) (reasoning that non-law enforcement government actor violates the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent).

Here, Plaintiff asserts no facts making clear whether she asserts her claims under state or federal law. To the extent all claims are asserted under state law, Plaintiff fails to establish federal question jurisdiction and, for that reason, the Court would dismiss her Complaint without prejudice to allow her to proceed in state court. To the extent Plaintiff seeks to assert her claims under the United States Constitution, Plaintiff has not established that any Defendant was a "state actor" or that acted "with the intent to assist the government in its investigatory or administrative purposes,

and not for an independent purpose." For this reason, Plaintiff also fails to establish federal question jurisdiction.

### III.     Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice, but with leave to amend.

IT IS FURTHER ORDERED that Plaintiff will have through and including **April 26, 2024** to file a First Amended Complaint.

IT IS FURTHER ORDERED that the Clerk of Court will send a copy of the non-prisoner Civil Rights Complaint form and instructions for completing the same to Plaintiff.

IT IS FURTHER ORDERED that if Plaintiff files a first amended complaint the complaint must be complete in and of itself. The Court cannot refer to Plaintiff's original Complaint for any purpose when determining if the first amended complaint states a claim that may proceed in federal court. Plaintiff's first amended complaint must state all facts on which all claims are based and must establish the basis for the exercise of federal jurisdiction.

IT IS FURTHER ORDERED that if Plaintiff fails to comply with the terms of this Order the Court may recommend this matter be dismissed in its entirety without prejudice.

Dated this 4th day of March, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE