UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARYL CLARKE,<br><br>   Plaintiff,<br><br>v.<br><br>BUDGET SUITES OF AMERICA LLC,<br><br>   Defendants. | Case No. 2:24-cv-00422-RFB-EJY<br><br>**ORDER and<br>REPORT and RECOMMENDATION** |

Pending before the Court is Plaintiff Karyl Clarke's First Amended Complaint. ECF No. 10. Plaintiff was granted *in forma pauperis* status on March 4, 2024. ECF No. 3.

**I.    Screening the Complaint**

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts liberally construe pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies cannot be cured through amendment, a pro se

plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court has a duty to ensure that it has subject matter jurisdiction over a dispute on which it is asked to act. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). If the Court lacks subject matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, Plaintiff's Complaint presents issues of state law only. ECF No. 1-1.

Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

**II.     Plaintiff's Amended Complaint**

a.     <u>Plaintiff Alleges Diversity of Citizenship Jurisdiction</u>.

Plaintiff's First Amended Complaint includes causes of action for assault, battery, false arrest, false imprisonment, and excessive use of force against Budget Suites of America LLC ("Budget Suites") and four security personnel allegedly performing duties for Budget Suites. ECF

No. 10. The caption of Plaintiff's First Amended Complaint indicates he lives in Los Angeles, California. *Id*. at 1. Paragraph 3 of Plaintiff's First Amended Complaint alleges he resides in Columbus, Ohio. *Id*. Whether Plaintiff lives in Los Angeles or Columbus, he appears—from the face of the First Amended Complaint—to live outside of Nevada. Plaintiff alleges all events occurred at 2219 N. Rancho Drive, Las Vegas, Nevada, where Budget Suites conducts business. A review of the Nevada Secretary of State Business Entity website shows Budget Suites of America and Budget Suites Apartments, LLC are Nevada corporations.[1] The individual defendants are alleged to work for Budget Suites and are alleged to be Nevada residents. Plaintiff also alleges damages in excess of $75,000. The Court is satisfied that Plaintiff states sufficient facts to facially plead diversity jurisdiction.

        b.      <u>Plaintiff Pleads Facts to Support Claims for Assault, Battery, and False Imprisonment</u>.

To state a tort claim for assault under Nevada law Plaintiff must plead and ultimately prove that Defendant attempted to use physical force against him and placed him in a reasonable apprehension of harmful or offensive contact. *Campbell v. Laughlin*, 478 P.3d 343 (Table) (Nev. 2020) (in this tort action the Nevada Supreme Court cited NRS 200.471(1)(a) as the definition of assault). To state a claim for battery under Nevada law, Plaintiff must plead facts establishing an intentional and offensive touching of a person who has not consented to the touching. *Humboldt General Hosp. v. Sixth Jud. Dist. Ct.*, 376 P.3d 167, 171 (Nev. 2016). Plaintiff pleads specific facts alleging John Does 1, 2, and 3 punched, pushed, and pulled him, swung him down on the concrete or asphalt, and placed him in a chokehold. Plaintiff also alleges harm and facts sufficient to establish causation—two elements of every tort claim.

False imprisonment is defined under Nevada law as the "unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority." *Lerner Shops of Nevada, Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967) *citing* NRS 200.460. Plaintiff pleads that he was restrained by John Does 1, 2, and 3—private security for Budget Suites—when they placed their full body weight on his back and neck and placed him in handcuffs for over one

---

[1]     <u>SilverFlume Nevada's Business Portal to start/manage your business (nv.gov)</u> (last visited July 30, 2024).

3

and one-half hours without any legal authority to do so. Plaintiff alleges harm and causation by these Defendants. Plaintiff therefore pleads sufficient facts to state a false imprisonment claim.

The Court finds Plaintiff fails to state claims of assault, battery, and false imprisonment against John Doe 4. Plaintiff asserts no facts mentioning this Defendant. Thus, Plaintiff fails to state a claim upon which relief may be granted as to John Doe 4.

In sum, Plaintiff may proceed with his assault, battery, and false imprisonment claims against Budget Suites employer of John Does 1, 2, and 3, as well as against John Does 1, 2, and 3, but he may not proceed against John Doe 4. The Court further finds Plaintiff may substitute the true names for John Does 1, 2, and 3 following identification of the same either through motion practice or discovery.

      c.      <u>Plaintiff Cannot Establish a Viable False Arrest or Excessive Force Claim</u>.

As previously explained, to bring a claim alleging a violation of constitutional rights, through rights granted by § 1983, a plaintiff must allege two essential elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "that the alleged … [violation] was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Individuals engaged in conduct on behalf of a private (non-governmental) actor may be treated as state action "if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). "The United States Supreme Court has articulated four different factors or tests to determine state action." *Gorenc v. Salt River Project Agr. Imp. & Power Dist.*, 869 F.2d 503, 506 (9th Cir. 1989) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). These are the nexus test, the joint action test, the public function doctrine test, and the state compulsion test. *Id.* at 506-09.

Claims alleging excessive force and false arrest are analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989); *Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *Loharsingh v. City and County of San Francisco*, 696 F.Supp.2d 1080, 1107 (N.D. Cal. 2010). "[T]he [F]ourth [A]mendment cannot be triggered simply because a person is acting on behalf of the government." *United States v. Attson*, 900 F.2d 1427, 1429, 1434 (9th Cir.

1990). "[T]he fourth amendment will only apply to governmental conduct that can reasonably be characterized as a 'search' or a 'seizure.'" *Id.* at 1429; *Perez v. Moore*, Case No. 18-cv-04856-SI, 2020 WL 1865357, at *4 (N.D. Cal. April 14, 2020). Thus, for the conduct of a non-law enforcement governmental party, such as the John Does named by Plaintiff, to be subject to the Fourth Amendment, Plaintiff must plead they acted "with the intent to assist the government in its investigatory or administrative purposes, and not for an independent purpose." *Id.* at 1433.

Here, Plaintiff's allegations are contrary to such a showing. Plaintiff asserts no facts demonstrating any Defendant was acting under color of state law or to assist the government. Plaintiff says when law enforcement arrived at the Budget Suites, officers found he had not acted in a manner prompting the John Doe Defendants' conduct, officers removed handcuffs in which he had been placed by private security, and officers called paramedics. Plaintiff has not established that any Defendant was a "state actor" or that acted "with the intent to assist the government in its investigatory or administrative purposes, and not for an independent purpose." For this reason, the Court recommends these claims be dismissed.

### III.    Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff may proceed on his assault, battery and false imprisonment claim against Budget Suites of America, LLC, John Doe 1, John Doe 2, and John Doe 3.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff **one** USM-285 form.

IT IS FURTHER ORDERED that Plaintiff must complete the USM-285 form for Defendant Budget Suites to the best of his ability and return the same to the U.S. Marshal no later than **August 27, 2024**. The address to which the USM-285 is to be returned is as follows:

> Gary G. Schofield
> U.S. Marshal, District of Nevada
> Lloyd D. George Federal Courthouse
> 333 Las Vegas Blvd. S., Suite 2058
> Las Vegas, Nevada 89101

IT IS FURTHER ORDERED that Plaintiff is advised to review Federal Rule of Civil Procedure 4 regarding service of a complaint on a business (corporate) entity. Plaintiff is further advised to review the Nevada Secretary of State Business Entity Search to locate the name and

5

address for Budget Suites' registered agent on whom service of his First Amended Complaint should occur.

IT IS FURTHER ORDERED that the Clerk of Court **must** issue a Summons for Budget Suites and deliver the same, together with one copy of Plaintiff's First Amended Complaint (ECF No. 10) and a copy of this Order to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt service on Budget Suites fourteen (14) days after receipt of the USM-285 from Plaintiff, which service must include the First Amended Complaint, the Summons, and a copy of this Order.

IT IS FURTHER ORDERED that once Budget Suites is served and makes an appearance in this case (files a document on the docket), Plaintiff is permitted to propound an interrogatory on Budget Suites, under Rule 33 of the Federal Rules of Civil Procedure, that seeks the identity of John Does 1, 2, and 3. Plaintiff may seek the names and last known addresses for each of the three security officers who are alleged to have engaged in the wrongful conduct described in Plaintiff's First Amended Complaint. The interrogatory must be mailed to counsel for Budget Suites who will have 30 days to provide responses.

### IV.  Recommendation

IT IS HEREBY RECOMMENDED that Defendant John Doe 4 be dismissed from this action without prejudice, but without leave to amend, as Plaintiff alleges no facts identifying any conduct of any kind by this individual and, thus, fails to state a claim.

IT IS FURTHER RECOMMENDED that Plaintiff's false arrest and excessive force claims be dismissed with prejudice as Defendants are not state actors.

Dated this 1st day of August, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days of the date of this Amended Order and Report and Recommendation. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).