UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KARYL CLARKE,<br><br>  Plaintiff,<br><br>  v.<br><br>BUDGET SUITES OF AMERICA, et al.,<br><br>  Defendants. | Case No. 2:24-cv-00422-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's second Motion seeking an order requiring service of a subpoena duces tecum on Las Vegas Metropolitan Police Department (sometimes "Metro"). ECF No. 50. Plaintiff's prior request for the exact same order was denied because Plaintiff seeks production of documents outside the 100 mile radius of the subpoenaed party. Federal Rule of Civil Procedure 45 allows for the issuance of a subpoena to produce documents but limits those subpoenas to commanding production "at a place within 100 miles" of the subpoenaed non-party. Fed. R. Civ. P. 45(c)(2)(A). Plaintiff's Rule 45 subpoena commanded Metro to produce documents in Los Angeles, California. ECF No. 42-2 at 1. A subpoena requiring a nonparty to produce documents at a place more than one hundred miles away is invalid. Fed. R. Civ. P. 45(d)(3)(A)(ii) (a court must quash or modify a subpoena that does not comply with Rule 45(c)); *see also Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018).

The Court previously ordered Defendants to produce to Plaintiff all documents received in response to Defendants' subpoena issued to Metro. It is unclear if Metro has responded to Defendants' subpoena or if documents have been produced.

Finally, Plaintiff seeks to extend discovery providing good cause for the request, which the Court is inclined to grant for a limited time and for limited purposes. ECF No. 51. Defendants were contacted regarding this request, but do not appear to have responded to Plaintiff's inquiry at the time she filed her Motion seeking to extend discovery.

1

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's second Motion Requesting Service of a Subpoena (ECF No. 50) is DENIED.

IT IS FURTHER ORDERED that Defendants **must** file a status report stating on what date a response is or was required to their subpoena for documents served on Las Vegas Metropolitan Police Department. If a response was received, Defendants **must** confirm the response was provided to Plaintiff indicating the method of delivery and the date sent. If a response was not yet received, Defendants may indicate the date on which a response is expected. Defendants **must** keep Plaintiff apprised of any extension of time to respond granted to Metro.

IT IS FURTHER ORDERED that Defendants **must** contact Plaintiff no later than **March 28, 2025** advising whether an extension of discovery may be agreed upon. The parties **must** discuss the proposed length of the extension and the purposes for which the extension may be agreed. For example, an agreed upon extension may allow only service of a valid and enforceable subpoena on Las Vegas Metropolitan Police Department by Plaintiff with a place for the documents to be returned in Clark County, Nevada. Defendants' status report regarding their subpoena to Metro **must** include the information regarding efforts to come to agreement on an extension of discovery.

IT IS FURTHER ORDERED that if Defendants cannot agree to an extension of discovery for any purpose or if the parties cannot agree on the substance of an extension of discovery, Defendants **must** include their opposition to Plaintiff's Motion to Extend Discovery (ECF No. 51) in the status report. In this instance, the status report **must** include in the body that it serves the dual purpose of an opposition to the Motion to Extend Discovery.

IT IS FURTHER ORDERED that Defendants' status report is due no later than **April 4, 2025**.

IT IS FURTHER ORDERED that if Plaintiff wishes to respond to the content of the status report, that response is due no later than **April 11, 2025**.

Dated this 25th day of March, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE