UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KARYL CLARKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUDGET SUITES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-00422-RFB-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff's Motion to Reconsider and Notice of Subpoena Duces Tecum (ECF Nos. 61, 62) that relate to Plaintiff's fourth attempt to draft a subpoena that may be served on Las Vegas Metropolitan Police Department ("Metro"). The Subpoena that is attached to the Notice still includes an address in California, which, as explained multiple times before, is outside the 100 mile radius within which Metro is required to respond. Fed. R. Civ. P. 45(c)(2)(a). Nevertheless, the proposed Subpoena also includes a valid response address in Clark County, Nevada. The Court has stricken the California address on the Subpoena and attaches the document to be served on Metro in accordance with this Order at Exhibit 1.

　　　　That is, specifically, with respect to Plaintiff's Motion for Reconsideration, the Court finds service of a Subpoena by the U.S. Marshal Service is now warranted.

　　　　Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Reconsider (ECF No. 61) is GRANTED.

　　　　IT IS FURTHER ORDERED that the Clerk of Court must deliver to the U.S. Marshal a copy of this Order together with Exhibit 1 (the Subpoena Duces Tecum seeking documents from Metro).

1  IT IS FURTHER ORDERED that the U.S. Marshal's Office shall use all reasonable efforts
2  to serve the Subpoena on Metro, no later than **May 28, 2025**, at the following address:

    Custodian of Records
    Las Vegas Metropolitan Police Department
    400 S. Martin Luther King Blvd.
    Las Vegas, Nevada 89106

Dated this 14th day of May, 2025.

                                              ELAYNA J. YOUCHAH
                                              UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| Karyl Clarke ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:24-cv-00422-RFB-EJY |
| Budget Suites of America LLC. N(704) et. al. ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Las Vegas Metropolitan Police Department (Custodian of Records/Body Cam

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| Place: ~~6227 Cimarron St., Los Angeles, CA 90047   or~~ 770 W. Lone Mountain Road #2081, NLV, NV. 89031 | Date and Time: 05/09/2025 1:25 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Karyl Clarke/Plaintiff _____, who issues or requests this subpoena, are:

Karyl Clarke 6227 Cimarron Street, Los Angeles, California - 213-393-2066 - koclarke4@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:24-cv-00422-RFB-EJY

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

SCHEDULE OF DOCUMENTS TO BE PRODUCED

**DEFINITIONS**

1. The following rules of construction shall apply to all document requests: (a) the terms "All" and "Each" shall be construed as any, each or all; (b) "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope; (c) "including" shall be construed to mean "without limitation"; and (d) the use of the singular form of any word includes the plural and vice versa.

2. "Communication" is used in its broadest sense to encompass any disclosure, transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals or between or among the members of law enforcement, whether orally, in writing, face-to-face or by telephone, facsimile, videoconference, e-mail, text message, imessage, Microsoft Teams or Zoom comment.

3. "Data" means raw, produced, facts, information, output, analysis, planning, reasoning or discussion.

4. "Document" shall mean and refer to any and all documents, electronically stored information, memos, notes, emails, writings, drawings, photographs, videos, sound recordings, images and other data or data compilations stored in any medium, including handwritten, typed, printed or pictorial, however produced or reproduced, of every kind and description, and any other tangible thing, including without limitation any "writings," "originals," and "duplicates," as defined in Federal Rules of Civil Procedure 34 and Federal Rule of Evidence 1001. "Document" shall also include both final and draft versions of the same item.

5. "Relating To" means, without limitation, analyzing, commenting on, comprising, concerning, constituting dealing with, describing, discussing, evaluating, evidencing, exhibiting, exploring, identifying, mentioning, naming, negating, pertaining to, prepared

for, regarding, relating or referring to, reflecting, showing, supporting, or otherwise involving, in whole or in part.

6. The terms "You" and "Your" mean the responding party, its predecessors, successors, departments, divisions, including, without limitations, any organization or entity which the responding party manages or controls together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding party.

7. Unless otherwise noted, the "Relevant Time Period" means the period from March 31, 2022 through the present.

## INSTRUCTIONS

a. This subpoena and any and all Documents and Communications produced in response thereto are ensured that information meeting the standards of confidentiality or personally private information shall be maintained as confidential by the requesting party and shall not be disclosed to anyone outside of the litigation absent court order. Documents responsive to this subpoena that contain such confidential or personally private information may be marked "Confidential" or "Highly Confidential/Attorney Only Information," as appropriate, but shall otherwise be produced in complete, **unredacted** form.

b. These requests calls for the production of all responsive Documents and Communications that are within the possessions, custody, or control of You or in the possession, custody, or control of Yours present or former employees, representatives, agents, and persons or otherwise available to You, including without limitations Documents and Communications in the possession, custody, or control (including in their work emails, computers, or mobile devices) of relevant employees such as officers, detectives, internal affairs agents and other locations likely to contain responsive Documents and Communications.

c. If any responsive Document or Communication was but no longer is in Your possession, custody, or control, state the reason it is no longer in Your possession, custody, or control

  (i.e., lost, missing, destroyed, transferred, disposed of) and explain the circumstances surrounding the disposition of the Document or Communication and the date it occurred.

d. If any Document or Communication covered by these requests is withheld by reason of a claim of work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld Document or Communication: date, author, recipients, general subject matter sufficient to make a prima facie determination whether the asserted privilege has been properly invoked, and the legal basis upon which it has been withheld.

e. If any Document or Communication is redacted on the basis of privacy, please identify such in the redaction or by furnishing a log providing the following information with respect to each redaction: date, author, recipients and type of information withheld on the basis of privacy.

f. With respect to any Document or Communication maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data.

g. Please produce All Documents and Communications maintained or stored electronically in native, electronic format with All relevant metadata intact. Encrypted or password-protected Documents and Communications should be produced in a form permitting them to be reviewed.

h. To the extent responsive Documents or Communications reside on databases and such other systems and files You are requested to produce the relevant database in useable form and/or permit access for inspection, review and extraction of responsive information.

i. To the extent You use or compile responsive Data in a specific computer program/system including but not limited to Compliance Assistant, You are required to produce the Data in a machine-readable format.

j. These requests shall be deemed continuing so as to require further and supplemental production in accordance with Federal Rule of Civil Procedure 26(e).

k. These requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or generated outside the Relevant Time Period but which contain information concerning the Relevant Time Period.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Please provide all documents and Communications related to all call requests to You (Las Vegas Metropolitan Police Department) on March 31, 2022 related to 1922 N. Rancho Drive, Las Vegas, NV 89129 between 02:00 hours-19:00 hours (2am-7pm).

**REQUEST NO. 2:**

Please provide all Documents and Communication related to Event # LLV220300128048 and LLV221200054514.

**REQUEST NO. 3:**

Please provide all call request from 323-928-1986 to you on March 31, 2022.

**REQUEST NO. 4:**

Please provide all body cam footage from officers that responded to 2219 N. Rancho Drive, Las Vegas Nevada 89129 on March 31, 2022, between the hours of 02:00 hours and 19:00 hours (2am – 7pm) **NPR 2025-0076522** without any redaction.

**REQUEST NO. 5:**

Please provide the name(s) of the responding officers to 2219 N. Rancho Drive, Las Vegas Nevada 89129 on March 31, 2022, between the hours of 02:00 hours and 19:00 hours (2am – 7pm).

**REQUEST NO. 6:**

Please provide all radio dispatch request for service to 2219 N. Rancho Drive, Las Vegas Nevada, 89129 on March 31, 2022, between the hours of 02:00 hours and 19:00 hours (2am – 7pm).

**REQUEST NO. 7:**

Please provide copies of all Incident Details Report pertaining to 2219 N. Rancho Drive, Las Vegas Nevada, 89129 on March 31, 2022, between the hours of 02:00 hours and 19:00 hours (2am – 7pm).

**REQUEST NO. 8:**

Provide all Documents and Communication pertaining to Event #LLV221200054514.

**REQUEST NO. 9:**

Please provide All Documents and Communication pertaining to Sgt. Hefner 14027 regarding Event #LLV221200054514 and/or #LLV220300128048.

**REQUEST NO. 10:**

Please provide All Documents and Communication pertaining to Detective Schnnelle #14456 regarding Event #LLV221200054514 and/or #LLV220300128048.