UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KARYL CLARKE,

    Plaintiff,

    v.

BUDGET SUITES OF AMERICA, et al.,

    Defendants.

Case No. 2:24-cv-00422-RFB-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion for Appointment of Counsel.  ECF No. 92. As a general proposition, a civil litigant has no right to counsel.  *Lassiter v. Department of Social Services of Durham County*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Under "exceptional circumstances" a court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005).  When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that Plaintiff fails to establish the extraordinary circumstances to support appointment of counsel.  Plaintiff's lack of legal knowledge and comprehension do not rise to the level of exceptional circumstances.  *Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016).  And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation."  *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *see also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *see also Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

In *Newton v. Wintersteen*, Case No. 2:16-cv-01705-RFB-PAL, 2017 WL 3469270, \*2 (D. Nev. Aug. 9, 2017), Judge Leen explained,

The court appreciates that it is difficult for pro se parties to litigate their claims and that almost every pro se party would benefit from representation by counsel. However, the court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept a pro bono appointment is very small.

Because this is the reality under which the Court must operate, appointment of counsel in this case, at this time, is unwarranted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 92) is DENIED.

DATED this 3rd day of April, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

2